2018R00919/JF/DCH/BAW/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Madeline Cox Arleo |
| v. | : | Crim. No. 19-246 (MCA) |
| LESTER STOCKETT, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

On or about September 6, 2019, pursuant to a plea agreement with the United States, defendant Lester Stockett pleaded guilty to two counts of the Indictment, specifically, *Count One*, conspiracy to (i) defraud the United States and (ii) solicit, receive, offer, and pay remuneration, specifically, health care kickbacks and bribes, contrary to the federal health care program anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(1)(A)-(B) and (b)(2)(A)-(B), in violation of 18 U.S.C. § 371; and *Count Six*, conspiracy to commit money laundering, contrary to 18 U.S.C. § 1956, in violation of 18 U.S.C. § 1956(h).

In the plea agreement, pursuant to 18 U.S.C. § 982(a)(7), the defendant agreed to forfeit to the United States all property the defendant obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the conspiracy charged in Count One of the Indictment, the value of which was $7,729,932.40 (the "Money Judgment"). In the plea agreement, the defendant further acknowledged that one or more of the criteria set forth in 21

U.S.C. § 853(p) are met, entitling the United States to forfeit substitute assets of the defendant in an amount not to exceed $7,729,932.40.

The defendant further agrees to forfeit to the United States all of his right, title, and interest in the following specific property, which the defendant admits was property derived from gross proceeds of the conspiracy offense charged in Count One of the Indictment, and property traceable to such proceeds:

| Asset ID | Seizure Warrant No. | Bank Name | Account No. | Account Name | Seizure Amount |
|---|---|---|---|---|---|
| 19-FBI-003611 | 19-6627 | Regions Bank | xxxxx0757 | Telemed Health Group, LLC | $ 31,789.67 |
| 19-FBI-003627 | 19-6628 | PNC Bank | xxxxxx5289 | PCS CC, LLC | $ 698,302.70 |
| 19-FBI-003630 | 19-6629 | PNC Bank | xxxx9839 | PCS CC, LLC | $ 48,764.43 |
| 19-FBI-003613 | 19-6632 | Bank of America | xxxx-xxxx-2116 | Telemed Health Group, LLC | $ 102,151.74 |
| 19-FBI-003615 | 19-6634 | Bank of America | xxxx-xxxx-1968 | Les Raphael, LLC | $ 91,589.84 |
| 19-FBI-003617 | 19-6635 | Bank of America | xxxx-xxxx-8353 | Lester Stockett and Leidy Yulie Gomez Sierra | $ 36,846.62 |
| 19-FBI-003622 | 19-6636 | Wells Fargo Bank | xxxxxxxxx3490 | Les Raphael, LLC | $ 117,554.63 |

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; consented to the entry of judgment of forfeiture that will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure; acknowledged he understood that the criminal forfeiture to which he consented is part of the sentence that may be imposed in this case; waived any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the

Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of his assets will not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Having considered the plea agreement and the record as a whole, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

***Money Judgment***

1. All property, real or personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the conspiracy offense charged in Count One of the Indictment, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(7).

2. The defendant having conceded that one or more of the criterial set forth in 21 U.S.C. § 853(p) are met, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the gross proceeds obtained by the defendant, which was $7,729,932.40 (the "Money Judgment"). A Money Judgment in the amount of $7,729,932.40 is hereby entered against the defendant, pursuant to 18 U.S.C. § 982(a)(7) and (b), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's

Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. All payments on the Money Judgment are forfeit to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p). The United States Marshals Service shall deposit such payments in its Seized Assets Deposit Account, and upon clearing of the financial instrument, shall deposit the funds in the Assets Forfeiture Fund, for disposition according to law. The United States shall have clear title to such payments, proceeds, and/or substitute assets up to the amount of the Money Judgment ($7,729,932.40).

5. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until this the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of substitute assets to satisfy this Money Judgment, or in connection with any petitions filed with regard to substitute assets, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

***Forfeited Specific Property***

6. As a further result of the defendant's conviction of the conspiracy offense charged in Count One of the Indictment, pursuant to U.S.C. § 982(a)(7) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest the following specific property, which the defendant admits was property derived from gross proceeds of the

conspiracy offense charged in Count One of the Indictment, and property traceable to such proceeds (the "Specific Property"), is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853:

| Asset ID | Seizure Warrant No. | Bank Name | Account No. | Account Name | Seizure Amount |
|---|---|---|---|---|---|
| 19-FBI-003611 | 19-6627 | Regions Bank | xxxxx0757 | Telemed Health Group, LLC | $ 31,789.67 |
| 19-FBI-003627 | 19-6628 | PNC Bank | xxxxxx5289 | PCS CC, LLC | $ 698,302.70 |
| 19-FBI-003630 | 19-6629 | PNC Bank | xxxx9839 | PCS CC, LLC | $ 48,764.43 |
| 19-FBI-003613 | 19-6632 | Bank of America | xxxx-xxxx-2116 | Telemed Health Group, LLC | $ 102,151.74 |
| 19-FBI-003615 | 19-6634 | Bank of America | xxxx-xxxx-1968 | Les Raphael, LLC | $ 91,589.84 |
| 19-FBI-003617 | 19-6635 | Bank of America | xxxx-xxxx-8353 | Lester Stockett and Leidy Yulie Gomez Sierra | $ 36,846.62 |
| 19-FBI-003622 | 19-6636 | Wells Fargo Bank | xxxxxxxxx3490 | Les Raphael, LLC | $ 117,554.63 |

7. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

8. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

9. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

10. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

11. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

12. Any forfeited money and the net proceeds derived from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

## ***Other Provisions***

13. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Lester Stockett, shall be made part of the sentence of defendant Lester Stockett, and shall be included in the judgment of conviction therewith.

14. This Order shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

15. The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $7,729,932.40.

16. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

Dated: Newark, New Jersey
September 20, 2019

HONORABLE MADELINE COX ARLEO
United States District Judge

***The undersigned hereby consent to the form and entry of this Order:***

RACHAEL A. HONIG
Attorney for United States,
Acting under Authority Conferred
By 28 U.S.C. § 515

Dated: 9/6/19

By: JACOB FOSTER
Acting Assistant Chief
DARREN HALVERSON
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice

BARBARA A. WARD
Assistant United States Attorney
District of New Jersey

VALENTIN RODRIGUEZ, ESQ.
Attorney for Defendant

Dated: 9/6/2019

LESTER STOCKETT, Defendant

Dated: 9/6/2019